# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30696
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BYRON A. WYATT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-134-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Byron A. Wyatt of two counts of seeking and accepting bribes while being a public official. He was sentenced below the guidelines range to 24 months in prison and a two-year term of supervised release. Wyatt subsequently filed a motion for new trial based on newly discovered evidence, which the district court denied. He now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30696

Generally, Wyatt argues that the district court abused its discretion in denying his motion for a new trial. Specifically, he contends that the alleged newly discovered PayPal documents he received after trial contradicted the records introduced at trial. He argues that because the PayPal documents probably would have produced an acquittal, this court should reverse, vacate, and remand the case for further proceedings.

We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Piazza*, 647 F.3d 559, 564-65 (5th Cir. 2011). To obtain a new trial based on newly discovered evidence, the defendant must show that (1) the evidence is newly discovered and was unknown to him at the time of trial, (2) the failure to detect the evidence was not due to his lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence if introduced at a new trial would probably produce an acquittal. *Id.* at 565. The failure to demonstrate any one of these factors is fatal to the motion. *Id.*

The trial testimony and records introduced at trial showed that Wyatt, who was employed by the Bureau of Prisons, would take contraband into the prison in exchange for money either wired to him or given to him on Green Dot cards. The evidence at trial also showed that Wyatt requested refund checks from Green Dot; he cashed the refund checks; and he deposited the refund checks into his bank account. The evidence regarding the refund checks was sufficient to convict Wyatt of seeking and accepting bribes. Thus, the introduction of PayPal documents, which showed the source of money funding his PayPal account, would probably not produce an acquittal. *See id.* at 565. The district court did not abuse its discretion in denying the motion for a new trial. *Id.* at 564-65. The judgment of the district court should therefore be AFFIRMED.